UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2012 MAR 13  P 12: 40

US DISTRICT COURT
HARTFORD CT

HARVEY MARGARET,
  plaintiff,

v.

ZAINE,
  defendant.

PRISONER
Case No. 3:12-cv-129(AVC)

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the New Haven Correctional Center in New Haven, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1983. He names as the defendant, Patrolman Zaine of the Naugatuck Police Department.[1]

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to

---

[1] The docket incorrectly lists the Naugatuck Police Department as a separate defendant in this case. A review of the section of the complaint describing the defendants reveals that the Naugatuck Police Department was included in the case caption only as the defendant, Zaine's address.

afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on December 3, 2010, the defendant arrested him on a charge of driving while intoxicated. The defendant failed to advise the plaintiff of his Miranda[2] rights, but stated in the police report that he had done so. The plaintiff does not allege that he was compelled to speak to the defendant. Upon the plaintiff's request for a copy of the waiver, the state produced a document that contained neither the complete list of rights nor the plaintiff's signature. In September 2011, the state elected not to pursue the charge of driving while intoxicated.

The only defendant in this case is the police officer who

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

2

failed to read the plaintiff his Miranda warnings before questioning him. The Fifth Amendment protects against compulsory self-incrimination by forbidding the introduction of coerced statements into evidence at trial. Miranda warnings, however, are not constitutionally required. They were developed as a means to protect that Fifth Amendment right against compulsory self-incrimination. The failure to read the plaintiff his rights before questioning did not violate the plaintiff's constitutional rights and does not support a section 1983 action here. See Chavez v. Martinez, 538 U.S. 760, 772 (2003).

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2) The clerk is directed to enter judgment and close this case.

Entered this 12TH day of March 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge